IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE CHRISTOPHER WAFFORD, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:26-cv-00348-RAH |
| DAVID LOVE, ET AL., | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the *Recommendation of the Magistrate Judge* (doc. 39), entered October 8, 2026, which recommends that Defendants' *Motions to Dismiss* (docs. 14, 17, 21, 30) be granted and that Plaintiff Dwayne Christopher Wafford's Complaint be dismissed without prejudice and without opportunity to amend. Wafford, proceeding pro se, filed *Specific Objections* (doc. 40) on October 9, 2026.

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed de novo the portions of the Recommendation to which Wafford specifically objects and has reviewed the remainder for clear error. The Court has also reviewed the Complaint and its exhibits, the motions and responses, and the state-court records on which the parties rely. For the reasons below, the objections are OVERRULED except as stated, the Recommendation is ADOPTED as modified, and the *Motions to Dismiss* are GRANTED.

**BACKGROUND**

Wafford asserts two counts under 42 U.S.C. § 1983 against four state officials, each sued in an official capacity: Macon County Circuit Clerk David Love; Macon

County Revenue Commissioner Iverson Gandy, Jr.; Alabama Department of Revenue (ADOR) Commissioner Vernon Barnett; and Alabama Law Enforcement Agency (ALEA) Driver License Division Director Pamela Shepard. Count I alleges that Defendants are "enforcing or maintaining collection based on conflicted identity records while withholding audit-trail data necessary to test those records," in violation of procedural due process. (Doc. 1 at 5.) Count II seeks prospective injunctive relief. (*Id.*) The Complaint states that it "does not challenge the merits of underlying citations." (Doc. 1 at 1.)

Wafford's emergency motion, contained in the Complaint, sought a temporary restraining order compelling production of audit-trail records within seventy-two hours and enjoining arrests, failure-to-appear enforcement, fee collection, and adverse administrative reporting tied to three traffic case numbers. (Doc. 1 at 6–7.) The Court denied that request on May 7, 2026, observing that Wafford had "neglect[ed] to provide facts even implicating a constitutional issue" and that "[s]imply referencing the Fourteenth Amendment will not suffice." (Doc. 7 at 2.)

One of the three traffic cases, the Macon County case, was dismissed on June 15, 2026, after Wafford paid the court costs and fine. (Doc. 25-1.) The two Montgomery County traffic cases, Case Nos. 03-TR-2026-003470.00 and 03-TR-2026-003471.00, are misdemeanors and remain pending. (Doc. 39 at 5, 8.)

The Recommendation concludes that (1) the claims against Love and Gandy are moot; (2) the claims against Shepard are barred by *Younger v. Harris*, 401 U.S. 37 (1971); (3) the Complaint states no claim against Barnett; and (4) amendment would be futile. (Doc. 39 at 6–11.)

## STANDARD OF REVIEW

The district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party who objects to a

recommendation must specifically identify the factual findings and legal conclusions to which it objects. *Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). The Court reviews those specific objections de novo. Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). General or conclusory objections need not be considered. *Macort*, 208 F. App'x at 784. Otherwise, a recommendation is reviewed for clear error. *Id.* at 783–85.

Pro se pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court may not "serve as *de facto* counsel for a party or . . . rewrite an otherwise deficient pleading." *Alford v. Consol. Gov't of Columbus*, 438 F. App'x 837, 839 (11th Cir. 2011) (internal quotation marks and citation omitted).

For purposes of Rule 12(b)(6), the Court considers the Complaint and its exhibits. Facts first asserted in a brief or an objection are not part of the Complaint and do not amend it. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015). The Court may consider public court records, including state dockets, when assessing mootness and *Younger* abstention, but it does not treat such records as supplying factual allegations the Complaint omits. *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) (citing Fed. R. Evid. 201). *See also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

**OBJECTION I: MOOTNESS AS TO LOVE AND GANDY**

Wafford acknowledges that "dismissal of the citation may eliminate relief directed solely at its continued prosecution." (Doc. 40 at 2.) He argues that the Court should determine whether any "concrete record-related or collection consequence survived dismissal, remained attributable to Love or Gandy, and could be redressed

through prospective relief." (*Id.*) The objection does not identify such a consequence in the Complaint.

Article III requires a live controversy at every stage of litigation. "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Love and Gandy are sued solely in their capacities as the Macon County Circuit Clerk and Revenue Commissioner, respectively. The only conduct the Complaint attributes to them concerns the Macon County traffic case, which recently has been dismissed.

Wafford's objection's theory depends on consequences the Complaint does not plead. The Complaint's references to a voicemail from the "Macon County Tag & Title" office (doc. 1-2 at 29) describe a sticker-renewal notice and do not identify Gandy or any collection demand made under his authority. The online system screenshot (doc. 1-2 at 32) states only that an online service was unavailable. The Complaint does not allege any present enforcement, hold, or reporting action by Love or Gandy. A historical record, without more, does not give rise to a live controversy against these officials for injunctive relief. Wafford does not argue that the voluntary cessation exception applies, and the Complaint pleads no facts that would bring it into play.

Because the claims against Love and Gandy are moot, the Court lacks jurisdiction over them. The objection is OVERRULED.

## OBJECTION II: CHARACTERIZATION AND *YOUNGER* ABSTENTION AS TO SHEPARD

### A. Characterization

Wafford objects to the Recommendation's statement that he "appears to be challenging three traffic violations in state court." (Doc. 39 at 5; *see* Doc. 40 at 2.) The Court agrees with Wafford that the Complaint disclaims any challenge to the

merits of the traffic cases and that it frames its grievance as the reliability of governmental data. The Court has considered the Complaint on that basis.

Viewing the Complaint in this way does not change the result. Under *Younger*, the Court looks "to the relief requested and the effect it would have on the state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). The relief Wafford requests is what matters, and it is directed at the pending Montgomery prosecutions. The Prayer seeks to enjoin "arrests, FTA enforcement, bond or fee collection, and adverse administrative reporting" tied to the Montgomery cases, and it asks the Court to compel production of audit logs in those cases. (Doc. 1 at 5.) Wafford's own discovery motions in the Montgomery cases ask the state court to compel the same materials. Accordingly, this objection is OVERRULED since it advances no error that would change the outcome of the Magistrate Judge's recommendation of dismissal.

**B. The *Younger* Requirements**

Abstention under *Younger* is required when (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) the plaintiff has an adequate opportunity to raise the federal challenge in that proceeding. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *31 Foster Children*, 329 F.3d at 1274. A pending state criminal prosecution falls within the category of cases that *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013), recognizes as warranting *Younger* abstention. Both Montgomery cases are pending, and Wafford raises these same record issues in those cases. Alabama has an important interest in enforcing its traffic laws and in supervising discovery and pretrial practice in its own courts. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 12–13 (1987).

Wafford argues that the Recommendation did not separately decide whether state procedures afford an adequate opportunity to raise the particular constitutional

challenge he now presents, namely the "continuing ALEA record-and-indexing condition." (Doc. 40 at 4.) The Court disagrees that this omission matters. The federal due process theory in the Complaint is that the audit-trail records needed to test identity data are being withheld in the state cases. That is precisely the question the Montgomery court can decide on Wafford's pending discovery motions, and Wafford can contest the reliability of the records at trial and on appeal.[1] Federal courts should "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary," and Wafford bears the burden of overcoming that presumption. *31 Foster Children*, 329 F.3d at 1279 (internal quotation marks and citation omitted). Wafford has identified no authority showing that Alabama procedure is inadequate to decide a discovery dispute or a challenge to the reliability of evidence in a pending prosecution. The objection itself reports that Wafford has pursued appellate review in the Alabama courts. (Doc. 40 at 4–5.) That is evidence that the state forum is available, not that it is closed to him.

Wafford's objection also acknowledges that federal relief "restraining prosecution-related warrant enforcement or directing criminal discovery may interfere with ongoing state proceedings." (*Id.* at 5.) The Court agrees. Enjoining arrests and failure-to-appear enforcement tied to a pending prosecution, and ordering production of discovery in that prosecution within seventy-two hours, would undoubtedly interfere with the state proceedings in exactly the way *Younger* forbids. The relief the Complaint requests against Shepard is therefore barred under *Younger*.

**C. The ALEA Indexing Component**

Wafford argues that some ALEA-directed relief, including preservation of records and maintenance of his license index as "Eligible," would not interfere with the prosecutions and should be separately considered. (Doc. 40 at 5; Doc. 1 at 6.)

[1] A review of the state-court record in both cases reveals that Wafford has filed motions with the Alabama Supreme Court on these issues.

The Complaint does not plead that theory as an independent claim. It pleads a single due process count based on the traffic-case records.

Even if the indexing request were treated as separable from the prosecutions, the Complaint does not state a federal claim as to it. The Complaint neither identifies a protected interest of which ALEA's indexing deprived Wafford nor explains what process was due and not given. The exhibits the Complaint attaches show Wafford's license privilege changing from "Expired" in the March 26, 2026, record to "Eligible" in the April 7, 2026, record. (Doc. 1-2 at 8–9.) The Complaint does not explain how that change harmed him. Wafford's request that ALEA "maintain" that status pending review (doc. 1 at 6) is not tied to any alleged deprivation. This deficiency is independent of *Younger* and provides a separate basis for dismissal of any claim against Shepard as pleaded.

**D. The Remaining *Younger* Exceptions**

Wafford does not argue that the Montgomery prosecutions were brought in bad faith or to harass him, and the Complaint pleads no facts supporting that exception. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (noting the three *Younger* exceptions). Nor has Wafford shown great and immediate irreparable injury that could not be addressed in the state forum. *See id.* The objection therefore is OVERRULED.

**OBJECTION III: FUTILITY AND OPPORTUNITY TO AMEND**

**A. Shepard and Love/Gandy**

Wafford argues that amendment would not be futile as to Shepard if he could plead a "sufficiently particularized ALEA-specific claim." (Doc. 40 at 5.) Amendment cannot cure the *Younger* bar as to relief that would interfere with the Montgomery prosecutions, which remain pending. Amendment also cannot restore jurisdiction over the moot claims against Love and Gandy, a point Wafford

concedes. (*Id.* at 6.) The objection therefore is OVERRULED to the extent it seeks leave to replead those claims.

The objection identifies a claimed ALEA-only claim but does not plead one. Wafford's references to a July 9, 2026, state-court order, an alias-warrant display, and an August 27, 2026, response (*id.* at 3–4, citing docs. 29-1, 29-2, 34) are not allegations of the Complaint, and the Court does not consider them as amending it. But even if asserted in the Complaint, Wafford does not show how they state a plausible theory of relief.

**B. Barnett**

The Recommendation relies in part on the Court's May 7 order denying emergency relief as notice that the Complaint's pleading against Barnett was deficient. (Doc. 39 at 10–11.) The May 7 order addressed whether Wafford had shown a substantial likelihood of success on the merits, as preliminary relief requires. It did not decide whether a more carefully pleaded claim against Barnett would satisfy Rule 12(b)(6). To that extent, Wafford's objection is correct, and the Court does not rest its dismissal of Barnett on the May 7 order.

The Complaint nonetheless pleads no fact about Barnett or the ADOR beyond his name in the caption. Wafford concedes that "collective references to 'Defendants' do not automatically satisfy" the attribution requirement. (Doc. 40 at 5.) The claim against Barnett therefore fails under Rule 12(b)(6) as pleaded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018), a pro se plaintiff ordinarily must be given at least one opportunity to amend unless amendment would be futile. The Recommendation's conclusion that amendment is futile as to Barnett is supported by the record on this point, because nothing in the Complaint, the Court's prior orders, or Wafford's briefs shows that

he can state a plausible claim against Barnett. Accordingly, this objection will be overruled, but the dismissal will be without prejudice.

**C. Disposition of Objection III**

The objection is OVERRULED as to Barnett, Shepard, Love, and Gandy.

**OBJECTION IV: FORM AND FINALITY OF DISPOSITION**

Wafford requests that the order clearly identify each Defendant's disposition, whether the action is terminated in its entirety, and whether further amendment is foreclosed. (Doc. 40 at 6–7.) That request is reasonable, and the Court addresses it as follows. The claims against Love and Gandy are dismissed without prejudice for lack of jurisdiction. The claims against Shepard are dismissed without prejudice under *Younger*. The claims against Barnett are dismissed without prejudice for failure to state a claim. As such, all claims against all Defendants are dismissed without prejudice and without leave to amend.

## CONCLUSION

It is **ORDERED** as follows:

1. Plaintiff's *Specific Objections* (doc. 40) are **OVERRULED** except as noted;
2. The *Recommendation of the Magistrate Judge* (doc. 39) is **ADOPTED** as modified;
3. Defendants' *Motions to Dismiss* (docs. 14, 17, 21, 30) are **GRANTED**;
4. All claims against Defendants are **DISMISSED** without prejudice and without leave to amend;
5. Plaintiff's *Motion to File Sealed Appendix* (doc. 1 at 16) is **DENIED** as moot;
6. Plaintiff's *Motion to File Supplement* (doc. 20 at 5–6) is **DENIED** as moot;
7. All other motions are **DENIED** as moot; and,
8. A final judgment will be separately entered.

**DONE** on this the 10th day of November 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE